Slip Op. 13- 75

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| MERIDIAN PRODUCTS, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Before: R. Kenton Musgrave, Senior Judge |
| | : | Court No. 13-00018 |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM OPINION
AND ORDER**

[Scope ruling is remanded to Commerce for consideration of recent Commerce precedent.]

Dated: June 17, 2013

*Daniel Cannistra* and *Richard Peter Massony*, Crowell & Moring LLP, of Washington, D.C., for plaintiff.

*Tara Hogan*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With her on the brief were *Stuart F. Delery*, Principal Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Reginald T. Blades, Jr.*, Assistant Director. Of counsel on the brief was *Joanna Theiss*, Office of Chief Counsel for Import Administration, U.S. Department of Commerce.

   **Musgrave, Senior Judge**:  Plaintiff Meridian Products ("plaintiff") moves for remand of this action to the U.S. Department of Commerce ("Commerce") in order for the agency to "apply its new test for finished goods excluded from the scope" of *Aluminum Extrusions from the People's Republic of China*, 76 Fed. Reg. 30650 (Dept. Commerce May 26, 2011) ("AD Order") and *Aluminum Extrusions from the People's Republic of China*, 76 Fed. Reg. 30653 (Dept. Commerce May 26, 2011) ("CVD Order", collectively, "the Orders"). Plaintiff's Memorandum of Points and Authorities in Support of Motion for Remand ("Pl's Br.")

at 1. The government opposes the motion, characterizing it as "premature and incomplete". Defendant's Opposition to Plaintiff's Motion for Remand ("Deft's Opp.") at 5. For the reasons discussed below, the court remands this action to Commerce for determination whether the product involved here remains within the scope of the Orders under Commerce's new tests for the scope of finished goods under said Orders.

Meridian requested a ruling that its trim kits were outside the scope of the Orders on November 13, 2012. On December 18, 2012, Commerce determined that the trim kits fell within the scope of the Orders. *See Final Scope Ruling on Refrigerator/Freezer Trim Kits*, A-570-967, C-570-968, (Dec. 18, 2012) ("Scope Ruling"). Commerce determined in the Scope Ruling that the Meridian trim kits did not meet the Orders' scope exclusion for "finished goods". *Id*. at 12.

Plaintiff contends that Commerce should have but failed to apply a new test for finished goods under the Orders, which it finalized in *Final Scope Ruling on Side Mount Valve Controls*, A-570-967, C-570-968 (Oct. 26, 2012) ("Valves Ruling"). Plaintiff also cites to two cases before the court which Commerce agreed to remand for consideration of the Orders' finished goods exclusion. See Final Results of Redetermination Pursuant to Court Remand, *Rowley Co. v. United States*, Ct. No. 12-00055 (Feb. 28, 2013) ("Drapery Case"), and Consent Remand Order, *Valeo, Inc. v. United States*, Ct. No. 12-00381 (Feb. 13, 2013) ("Auto Parts Case"). Plaintiff argues that Commerce failed to apply the Valves Ruling test to its scope request, even though the Valves Ruling was issued before its scope request was filed. Plaintiff argues that a remand would promote fairness and judicial efficiency because it would permit the agency to rectify any mistake it may have made without undue expenditure of judicial resources.

The government argues that the original scope ruling correctly interpreted the

scope exclusion and prior scope rulings, but fails to address the substance of whether the Valves Ruling should apply to Meridian's trim kits. The government argues that plaintiff should be required to substantively challenge Commerce's scope determination through a motion for summary judgment.

The court has reviewed the facts in the record, those in the Valves Ruling as well as the Drapery and Auto Parts Cases and the arguments of counsel. In the Scope Ruling, Commerce reviewed six prior finished goods scope rulings, but did not consider the Valves Ruling. Commerce could have and perhaps should have made reference to the Valves Ruling when deciding the Scope Ruling here. The court notes that a remand is sometimes needed if an intervening event may affect the validity of the agency action. *See Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C.Cir.1993).

Although government counsel has stated to the court that Commerce does not believe the rationale of the Valves Ruling, Drapery or Auto Parts Cases apply to plaintiff's merchandise, the court cannot review that determination based solely on counsel's statement when it is tasked with reviewing the agency's action on the record made before the agency. *See Jinan Yipin Corp., Ltd. v. United States*, 800 F.Supp. 2d 1226, 1266 (CIT 2011) ("[A]n agency's action may be upheld, if at all, only on the grounds articulated by the agency itself."); *see also Hiep Thanh Seafood Joint Stock Co. v. United States*, 752 F.Supp. 2d 1330, 1335 (CIT 2010) (court may not affirm Commerce's conclusions based on determinations not found in the record below) and cases cited therein.

Without remand at this stage the court would on a summary judgment motion be left to consider whether Commerce would have agreed with plaintiff that the new finished goods analysis would exclude the trim kits from the Orders' scope. Without having Commerce's

Consol. Court No. 13-00018                                                                                                Page 4

official stand on this issue, the court could be required to remand the case after full briefing so that the agency could opine on the record.  The delay and expense necessary to litigate this issue in that manner would, in the court's opinion, frustrate the "just, speedy and inexpensive determination" of this action. CIT Rule 1.  Therefore, a remand to Commerce is preferable to permit the agency to formally declare whether the trim kits satisfy the revised standard for the finished goods scope exclusion from the Orders.

        It is therefore ORDERED:

1. That this action is hereby remanded to Commerce for reconsideration of the finished goods scope exclusion of the Orders with regard to plaintiff's trim kits;

2. That Commerce shall reopen the record and permit plaintiff to submit arguments no later than 15 days after the date of this order as to why its trim kits satisfy the finished goods exclusion under the Valves Ruling and the remands in the Drapery and Auto Parts cases;

3. That Commerce shall submit its remand results no later than 60 days after the date of this order.

**SO ORDERED**.

                                        /s/  R. Kenton Musgrave
                                        R.  Kenton Musgrave, Senior Judge

Dated: June 17, 2013
      New York, New York