Slip Op. 16 - 5

# UNITED STATES COURT OF INTERNATIONAL TRADE

|   |   |
|---|---|
| MERIDIAN PRODUCTS, LLC, | |
| Plaintiff, | |
| v. | Before: R. Kenton Musgrave, Senior Judge |
|   | Court No. 13-00018 |
| UNITED STATES, | |
| Defendant. | |

**OPINION**

[Sustaining third results of remand of scope determination related to anti-dumping and countervailing duty orders on aluminum extrusions from the People's Republic of China.]

Decided:  January 20, 2016

*Daniel Cannistra* and *Richard P. Massony*, Crowell & Moring LLP, of Washington DC, for the plaintiff.

*Aimee Lee*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington DC, for the defendant.  On the joint status report were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Reginald T. Blades, Jr.*, Assistant Director.  Of counsel was *Jessica M. Link*, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington DC.

Musgrave, Senior Judge:  This opinion addresses the *Final Results of Redetermination Pursuant to Court Remand, Meridian Products, LLC v. United States*, Court No. 13-0018 (Oct. 29, 2015) ("Third Remand" or "RR") of the International Trade Administration of the U.S. Department of Commerce ("Commerce"), pursuant to *Meridian Products, LLC v. United States*, Court No. 13-00018, Slip Op. 15-67 (June 23, 2015) ("*Meridian IV*"), familiarity with which is

presumed. The Third Remand results readdress whether the plaintiff's "Trim Kits" are within the scope of the unfair trade *Orders* on subject merchandise.[1] On remand, Commerce determined that the Trim Kits were excluded from the *Orders* as finished goods kits because at the time of importation they contained all the parts necessary to assemble a final finished good. Commerce did so under protest "because it appears that the [c]ourt's instructions resulted in a tension between the [c]ourt's holding and the plain language of the scope of the *Orders*." RR at 10-11; *see also* RR at 12. For the following reasons, the Third Remand results will be sustained.

Following *Meridian IV*, the analysis of the Third Remand begins by quoting the scope language of the *Orders*,[2] then quoting the finished goods kit exclusionary language,[3] and then quoting the "fasteners exception" language to the finished goods kit exclusion.[4] Commerce's respectful disagreement with *Meridian IV* is that its interpretation of the fasteners exception "renders this language nearly null", RR at 13, in that (1) it goes without saying that an aluminum extrusion

---

[1] *Aluminum Extrusions from the People's Republic of China: Antidumping Duty Order*, 76 Fed. Reg. 30650 (May 26, 2011) and *Aluminum Extrusions from the People's Republic of China: Countervailing Duty Order*, 76 Fed. Reg. 30653 (May 26, 2011) ("*Orders*").

[2] "Subject extrusions may be identified with reference to their end use, such as fence posts, electrical conduits, door thresholds, carpet trim, or heat sinks (that do not meet the finished heat sink exclusionary language below). Such goods are subject merchandise if they otherwise meet the scope definition, regardless of whether they are ready for use at the time of importation."

[3] "The scope also excludes finished goods containing aluminum extrusions that are entered unassembled in a 'finished goods kit.' A finished goods kit is understood to mean a packaged combination of parts that contains, at the time of importation, all of the necessary parts to fully assemble a final finished good and requires no further finishing or fabrication, such as cutting or punching, and is assembled 'as is' into a finished product."

[4] "An imported product will not be considered a 'finished goods kit' and therefore excluded from the scope of the investigation merely by including fasteners such as screws, bolts, etc. in the packaging with an aluminum extrusion product."

Court No. 13-00018                                                                                                          Page 3

product that does not otherwise meet the scope-exclusion requirements cannot be considered a finished goods kit, regardless of whether the product includes fasteners, and (2) in order "[t]o give meaning to the fasteners exception[,] there must be some importance [attached] to whether or not the product merely includes fasteners along with an aluminum extrusion product as it relates to the finished goods kit exclusion", RR at 13, which is indeed the import of *Meridian IV*.  Commerce interprets this "to mean that the inclusion of fasteners alone cannot convert an aluminum extrusion product that is not already a 'combination of parts' into a 'combination of parts' that qualifies for the finished good kits exception." *Id*.  That is true.  However, from that proposition Commerce then makes the curious case that

> [u]nder this interpretation, an "aluminum extrusion product" within the meaning of the fasteners exception would mean an aluminum extrusion product that is not a "combination of parts," *i.e.*, possibly is a single part.  Such an interpretation renders the fasteners exception nearly null given such limited application.

RR at 13-14.

The court fails to understand why that would be the case, *i.e.*, why it would be reasonable to argue that a single part shipped with mere fastener(s) is a "kit"?

Commerce also voices concern that merchandise in assembled form that is covered under the scope of the *Orders* should, all else being equal, also be subject to the *Orders* upon entry in kit form, and it argues that *Meridian IV* "reads out of the scope language that subject extrusions include such merchandise as door thresholds and carpet trim as well as other merchandise, such as heat sinks (that do not meet the finished heat sink exclusionary language) and fence posts, that consist of extruded aluminum profiles, regardless of whether such products are 'ready for use at the time of importation.' " RR at 14.  Whether it would ever be reasonable to determine such explicitly-

Court No. 13-00018                                                                                                           Page 4

named products, if imported unassembled, as "finished goods kits" is not the subject of this case, the subject here being to give effect to the full and plain language of the scope of the *Orders* without rendering the finished goods kit exception "nearly null."

Commerce issued draft remand results to the parties and incorporated their comments in the final results. At this point, the parties' joint status report indicates that no party wishes to file comments on the Third Remand and that the parties agree that the appropriate action to conclude this matter is to sustain Commerce's final results of redetermination. Judgment to that effect will therefore be entered.

/s/  R. Kenton Musgrave
R. Kenton Musgrave, Senior Judge

Dated: January 20, 2016
       New York, New York